IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES E. STEVENS,<br>AS TRUSTEE OF THE BANKRUPTCY ESTATE<br>OF KYE E. GAFFFEY<br><br>    Plaintiff,<br><br>    Vs.<br><br>ILLINOIS DEPARTMENT OF JUVENILE<br>JUSTICE; DISTRICT 428 SCHOOL BOARD<br>MEMBERS, CANDICE JONES, President of<br>District 428 School Board and as Director of<br>Illinois Department of Juvenile Justice;<br>HEATHER DALMAGE; TRESA DUNBAR GARRETT;<br>DAVID A. GREEN; JOHN P. GRIFFIN;<br>CANDICE M. SMITH; JENNIFER VIDIS; and<br>FORMER DISTRICT 428 SCHOOL BOARD<br>MEMBERS CARL ELLIS; ANTHONY<br>GRADY; JAMES GUNNELL; DONALD SMOOT<br>and FORMER DIRECTOR ARTHUR BISHOP.<br><br>    Defendants. | |

## COMPLAINT

Plaintiff, JAMES E. STEVENS, AS TRUSTEE OF THE BANKRUPTCY ESTATE OF KYE E. GAFFFEY (hereinafter "Plaintiff"), by and through their attorneys, for their Complaint against Defendants ILLINOIS DEPARTMENT OF JUVENILE JUSTICE; DISTRICT 428 SCHOOL BOARD MEMBERS, CANDICE JONES, HEATHER DALMAGE, TRESA DUNBAR GARRETT, DAVID A. GREEN, JOHN P. GRIFFIN, CANDICE M. SMITH, JENNIFER VIDIS and FORMER DISTRICT 428 SCHOOL BOARD MEMBERS CARL ELLIS, ANTHONY GRADY, JAMES GUNNELL, DONALD SMOOT and FORMER DIRECTOR ARTHUR (hereinafter "Defendants"), states as follows:

1

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Due Process of the Fourteenth Amendment of the United States Constitution. Under Illinois law, school districts may only employ school administrators under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years. *See* 105 ILCS 5/10-23.8a. As such, an employee hired pursuant to 105 ILCS 5/10-23.8a maintains a property interest in his position to which he must be afforded due process and an opportunity to present his evidence against termination before being terminated. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). KYE GAFFEY is such an employee.

**PARTIES**

2. KYE GAFFEY ("GAFFEY") resides in and is domiciled within this judicial district.

3. The Estate of GAFFEY is subject to Bankruptcy and as such, PLAINTIFF is the JAMES E. STEVENS AS TRUSTEE OF THE BANKRUPTCY ESTATE OF KYE GAFFEY.

4. At all material times hereto, GAFFEY was employed by Defendants.

5. Defendant Illinois Department of Juvenile Justice is a governmental entity pursuant to 20 ILCS 5/5-15.

6. Defendant District 428 School Board is a governmental entity which operates according to the Illinois Compiled Statutes (105 ILCS 5/13-40) with the purpose to enhance the quality and scope of education for inmates and wards within the Department of Juvenile Justice so that they will be better motivated and better equipped to restore themselves to constructive and law abiding lives in the community.

7. Defendants, Candice Jones, Tresa Dunbar, Carl Ellis, Anthony Grady, David A. Green , James Gunnell, and Donald Smoot were all board members of the Defendant District 428 during times relevant to this Complaint.

8. Defendants, Candice Jones, Heather Dalmage, Tresa Dunbar Garrett, David A. Green, John P. Griffin, Candice M. Smith and Jennifer Vidis are all current board members of the Defendant District 428.

9. Defendant Candice Jones is the current Director of the Department of Juvenile Justice and President of Defendant District 428 School Board.

10. Defendant Director Arthur Bishop is the former Director of the Department of Juvenile Justice and President of Defendant District 428 School Board during all relevant times.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1337 and 1443. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute namely the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because The Plaintiff, GAFFEY and Defendants either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## **FACTS COMMON TO ALL COUNTS**

13. That on or about August 21, 2011, GAFFEY was hired by Defendants to serve in the capacity as superintendent of School District 428.

14. That all relevant terms of GAFFEY'S employment including salary were outlined and memorialized in a document issued by the State of Illinois, Department of Central Management Service. *See* Personnel Action Form attached hereto as Exhibit A.

15. That GAFFEY had a property right in remaining in office for the term of his agreement.

16. That on or about August 10, 2013, Defendant Bishop summarily terminated the GAFFEY and offered GAFFEY no notice in advance of this decision or any opportunity to present factual evidence against said termination.

17. That on or about August 21, 2013, Defendant District 428 School Board and its individual members convened at the insistence of Defendant Bishop to "certify" GAFFEY's termination.

18. GAFFEY was not notified of the time, date or location of the August 21, 2013 school board meeting and thus not allowed to present any evidence in support of not being terminated.

19. That on or about August 21, 2013, the Defendant District 428 School Board took action to "certify" Defendant Bishop's summary termination of GAFFEY.

20. GAFFEY did not learn of his termination until much after the August 21, 2013 Board Meeting and was not allowed to return to his former position.

# COUNT I
# DEFENDANT ARTHUR BISHOP
# <u>55 U.S.C. § 1983</u>

(Fourteenth Amendment – Violation of Due Process Clause)

21.     Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

22     Defendant's ad hoc and discriminatory conduct resulted in GAFFEY being terminated from his employment without due process.

23.     Defendant Bishop has no compelling or legitimate reason that would justify his treatment of GAFFEY.

24.     Defendant's conduct therefore violates the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution.

25.     Defendant Bishop did not have the legal authority to terminate GAFFEY.

WHEREFORE, Plaintiff respectfully request:

- A.     For the issuance of a preliminary and permanent injunction enjoining Defendant Bishop, and any of his agents, from violating GAFFEY's constitutional rights;
- B.     Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;
- C.     Retain jurisdiction for the purpose of enforcing this Court's order;
- D.     For an award of compensatory damages to Plaintiff against Defendant Bishop;
- E.     For an award of punitive damages to Plaintiff against Defendant Bishop;
- F.     For costs of suit incurred in this action;

G.        For attorneys fees in accordance with 42 U.S.C. § 1988; and

H.        For such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT DISTRICT 428 SCHOOL BOARD and
## INDVIDUAL BOARD MEMBERS
## <u>55 U.S.C. § 1983</u>

(Fourteenth Amendment – Violation of Due Process Clause)

26.     Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

27.     Defendants' ad hoc and discriminatory conduct resulted in GAFFEY being terminated from his employment without due process.

28.     Defendant District 428 School Board and its Individual Board Members had no compelling or legitimate reason that would justify his treatment of GAFFEY.

29.     Defendants' conduct therefore violates the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution

WHEREFORE, Plaintiff respectfully request:

A.        For the issuance of a preliminary and permanent injunction enjoining Defendant District 428 School Board and its Individual Board Members, and any of their agents, from violating GAFFEY's constitutional rights;

B.        Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

C. Retain jurisdiction for the purpose of enforcing this Court's order;

D. For an award of compensatory damages to Plaintiff against Defendant District 428 School Board and its Individual Board Members;

E. For an award of punitive damages to Plaintiff against Defendant District 428 School Board and its Individual Board Members;

F. For costs of suit incurred in this action;

G. For attorneys fees in accordance with 42 U.S.C. § 1988; and

H. For such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT ILLINOIS DEPARTMENT OF JUVENILLE JUSTICE
## 55 U.S.C. § 1983

(Fourteenth Amendment – Violation of Due Process Clause)

30. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

31. Defendant's ad hoc and discriminatory conduct resulted in GAFFEY being terminated from his employment without due process.

32. Defendant Illinois Department of Juvenile Justice had no compelling or legitimate reason that would justify his treatment of GAFFEY.

33. Defendant's conduct therefore violates the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution.

WHEREFORE, Plaintiff respectfully request:

A. For the issuance of a preliminary and permanent injunction enjoining Defendant Illinois Department of Juvenile Justice, and any of its agents, from violating GAFFEY's constitutional rights;

B. Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

C. Retain jurisdiction for the purpose of enforcing this Court's order;

D. For an award of compensatory damages to Plaintiff against Defendant Illinois Department of Juvenile Justice;

E. For an award of punitive damages to Plaintiff against Defendant Illinois Department of Juvenile Justice;

F. For costs of suit incurred in this action;

G. For attorneys fees in accordance with 42 U.S.C. § 1988; and

H. For such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT DISTRICT 428 SCHOOL BOARD
## BREACH OF CONTRACT
## 2013-2014 SCHOOL YEAR

34. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

35. GAFFEY was offered a one year contract as Superintendent of Schools as of August 16, 2011, at an initial salary of $ 110,224.00, plus benefits that included retirement contributions and various other benefits, including health insurance.

36. GAFFEY was provided with a written offer of employment that set forth the terms and conditions of employment. *See* Exhibit A.

37. Pursuant to Illinois Law, school superintendents may only be employed "under a contract for a period not exceeding one year or a performance-based contract for a period not exceeding 5 years." 105 ILCS 5/10-23.8,

38. The Contract offered employment based upon a one-year term.

39. GAFFEY agreed to accept the employment in consideration for the terms and conditions offered by the Defendants.

40. The terms and conditions in the Contract did not contain performance-based requirements.

41. Pursuant to Illinois Law and concerning the contracts of school superintendents, "notice of intent not to renew a contract must be given in writing stating the specific reason therefore by April 1 of the contract year unless the contract specifically provides otherwise. Failure to do so will automatically extend the contract for an additional year." 105 ILCS 5/10-21.4.

42. The Defendants failed to notify GAFFEY of a notice of intent not to renew the Contract in writing stating the specific reason by April 1, 2013.

43. The Contract was automatically renewed for the 2013-2014 school year.

WHEREFORE, Plaintiff respectfully request:

A. An award of compensatory damages in the amount of $ 110,224.00 for all wages and benefits not paid by the Defendants from August 21, 2013 – August 20, 2014 against Defendant District School Board 428;

B.      Retain jurisdiction for the purpose of enforcing this Court's order;

C.      For such other and further relief as the Court may deem just and proper.

## COUNT V
### DEFENDANT DISTRICT 428 SCHOOL BOARD
### BREACH OF EXPRESS CONTRACT
### 2014-2015 SCHOOL YEAR

44.      Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

45.      The Defendants failed to notify GAFFEY of a notice of intent not to renew the Contract in writing stating the specific reason by April 1, 2014.

46.      The Contract was automatically renewed for the 2014-2015 school year..

WHEREFORE, Plaintiff respectfully request:

A.      An award of compensatory damages in the amount of $ 110,224.00 for all wages and benefits not paid by the Defendants from August 21, 2014 – August 20, 2015 against Defendant District School Board 428;

B.      Retain jurisdiction for the purpose of enforcing this Court's order;

C.      For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

LAW OFFICE OF RAYMOND G. GARZA, LTD

/s/Raymond G. Garza

Raymond G. Garza, Esq. (#06244246)
LAW OFFICE OF RAYMOND G. GARZA, LTD.
112 North Cedar Road
New Lenox, IL 60451
Telephone: (815) 717-8435


THE LAW OFFICES OF STEVEN CALCATERRA & ASSOC. PC

/s/ Steven Calcaterra
Steven Calcaterra, Esq. (#06269487)
24 W. 500 Maple Ave., Suite 208
Naperville, IL 60540
Telephone: (630) 281-2532
Attorneys for Plaintiff