**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES E. STEVENS, as trustee of the bankruptcy estate of Kye E. Gaffey, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ILLINOIS DEPARTMENT OF JUVENILE JUSTICE, et al., | ) ) ) |
| Defendants. | ) ) |

No. 15-cv-06904

Judge Andrea R. Wood

## **MEMORANDUM OPINION AND ORDER**

Plaintiff James E. Stevens, trustee of the bankruptcy estate of Kye Gaffey, claims that Gaffey was summarily terminated from his position as superintendent of Illinois School District 428 ("District 428") in violation of his due process rights and in breach of his employment contract. Stevens accordingly asserts claims on behalf of Gaffey's bankruptcy estate for the alleged constitutional violation and breach of contract against District 428's board ("Board"), the Board's current members and those who served at the time of his termination, and the Illinois Department of Juvenile Justice ("IDJJ"), which is the state agency alleged to control District 428. Now before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 8, 23) With their motions, Defendants contend that the IDJJ and the Board are both immune from suit pursuant to the Eleventh Amendment to the United States Constitution and also that Illinois law did not give Gaffey the expectation of continued employment necessary to support his claim of a due process right. Defendants ask that the constitutional claims be dismissed and that the Court decline to exercise jurisdiction over the

state contract law claims. For the reasons explained below, the motions are granted in part and denied in part—the claims against IDJJ are dismissed but the other claims survive.

## BACKGROUND

As alleged in the complaint, on August 21, 2011, Gaffey was offered and accepted a one-year contract for employment as superintendent of District 428, which administers Illinois's education programs for wards of the state and incarcerated juveniles. (Compl. ¶¶ 6, 13, 14, 35–39, Dkt. No. 1.) Gaffey's employment was governed by the following provision of the Illinois School Code applicable to superintendent contracts:

> Notice of intent not to renew a contract must be given in writing stating the reason therefor by April 1 of the contract year unless the contract specifically provides otherwise. Failure to do so will automatically extend the contract for an additional year.

105 ILCS 5/10-21.4. Yet Gaffey received no notice or opportunity to be heard before he was terminated in August 2013. (Compl. ¶¶ 16-18, 20, 42, 44, Dkt. No. 1.)

Stevens alleges that the termination violated Gaffey's due process rights. He seeks relief for the alleged constitutional violation under 42 U.S.C. § 1983 from the former president of District 428's Board, Defendant Arthur Bishop (Count I); the Board itself and its individual members (Count II); and the IDJJ (Count III). He also asserts claims for breach of contract against the Board for compensation owed Gaffey for the 2013–2014 (Count IV) and 2014–2015 (Count V) school years, alleging that the failure to give proper notice of termination triggered the automatic statutory renewal of his contract for each year.

The IDJJ, the Board, and current District 428 Board members Candice Jones, Heather Dalmage, Tresa Dunbar Garrett, David A. Green, John P. Griffin, Candice M. Smith, and Jennifer Vidis now move for dismissal of Stevens's § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They argue that the IDJJ and the Board are

2

immune from suit under the Eleventh Amendment and that Gaffey had no interest in future employment that could have generated constitutional due process rights. They also assert that, after dismissing the § 1983 claims, the Court should decline to exercise supplemental jurisdiction over the state law breach of contract claims. In a separate motion, former Board president Arthur Bishop and former Board members Carl Ellis, Anthony Grady, James Gunnell, and Donald Smoot adopt the arguments of their co-defendants.[1]

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding such a motion, the Court must accept all factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 555.

## I. State Agency Immunity

Defendants first move to dismiss all claims against the IDJJ and the Board, claiming that both are immune from suit under the Eleventh Amendment. The Eleventh Amendment, with exceptions not at issue here, grants states and their agencies immunity from private suits in

---

[1] For purposes of their common arguments, IDJJ, the Board, and the individual defendants are collectively identified as "Defendants."

federal court without their consent. *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). States and their agencies also have a distinct defense to § 1983 claims, since they are not suable "persons" within the meaning of that statute. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

To determine whether an entity is an "arm of the state" entitled to immunity, courts consider the entity's financial autonomy from the state and the "general legal status" of the entity. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (citing *Kashani v. Purdue Univ.*, 813 F.2d 843, 845-47 (7th Cir. 1987)). The predominant factor in the inquiry is the extent of the entity's financial autonomy from the state. *Id*. In assessing the financial independence of the entity, courts consider "the extent of state funding, the state's oversight and control of the entity's fiscal affairs, the entity's ability to raise funds independently, whether the state taxes the entity, and whether a judgment against the entity would result in the state increasing its appropriations to the entity." *Id*.; *see also Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994) (identifying the vulnerability of a state's funds to any judgment as the "most salient factor in Eleventh Amendment determinations"). In assessing the "general legal status" of the entity, courts in the Seventh Circuit look to the state statute but value "substance rather than form." *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Ath. Dep't*, 510 F.3d 681, 696 (7th Cir. 2007). Courts consider whether the entity's governing council or board of trustees are independently selected, the entity's ability to exercise powers independently (*e.g.*, entering into contracts without approval), and whether the entity serves the whole state or only a region of the state. *See*, *e.g.*, *Kashani*, 813 F.2d at 847; *Peirick*, 510 F.3d at 696; *Parker v. Franklin Cty. Cmty. Sch. Corp.*, 667 F.3d 910, 928 (7th Cir. 2012).

The analysis differs somewhat when the state agency status of a local school district is at issue. A local school district is not ordinarily an arm of the state and therefore generally may be sued in federal court. *Parker*, 667 F.3d at 927 (citing *Gary A. v. New Trier High Sch. Dist. No. 203*, 796 F.2d 940, 945 (7th Cir. 1986)). Four factors are relevant in determining whether a local school district is an arm of the state: (1) the characterization of the district under state law; (2) the guidance and control exercised by the state over the local school board; (3) the degree of state funding received by the district; and (4) the local board's ability to issue bonds and levy taxes on its own behalf." *Id.* (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

Defendants argue that IDJJ's status as a state agency is established by its inclusion in the "Departments of State Government" section of the Civil Administrative Code of Illinois, 20 ILCS 5/5-15. And indeed, courts of this District have found an agency's listing in this provision to be a basis both for determining immunity under the Eleventh Amendment and amenability to suit under § 1983. *See, e.g., Muhammad v. Ill. Dep't of Healthcare & Family Servs.*, No. 13 C 8227, 2014 WL 7190877, at *2 (N.D. Ill. Dec. 17, 2014), *aff'd sub nom. Muhammad v. Jesse*, 608 F. App'x 429 (7th Cir. 2015) (citing statute to determine that the Illinois Department of Healthcare and Family Services is not suable under § 1983); *Rasche v. Lane,* 150 F. Supp. 3d 934, 939-40 (N.D. Ill. 2015) (citing statute in determining the Illinois Department of the Lottery to be an "arm of the state," for purposes of Eleventh Amendment immunity and stating that "the analysis need not go further" than the statute). Meanwhile, Stevens has offered no response to Defendants' contentions regarding IDJJ's state agency status.

The Seventh Circuit has directed that a state agency's statutory defense to a § 1983 claim must be addressed before any Eleventh Amendment immunity determination to avoid

"unnecessary constitutional decisionmaking." *Thomas,* 697 F.3d at 613. Considering the agency's inclusion in the "Departments of State Government" section of the Code—and with Stevens offering no meaningful response to this argument—the Court thus concludes that IDJJ is an arm of the State of Illinois for § 1983 purposes. Since Count III, the sole claim asserted against IDJJ, is a § 1983 claim, it is dismissed because IDJJ cannot be sued under that statute.

No Illinois statutory provision offers a similarly definitive conclusion as to the status of District 428's Board. The determination of an agency's status as a state actor for immunity purposes has been characterized as a "fact-intensive question" that "requires careful appraisal." *Benning v. Bd. of Regents of Regency Universities*, 928 F.2d 775, 777 (7th Cir. 1991). Although Defendants offer argument supporting their view of the proper appraisal, the Court must draw all factual inferences in favor of the non-moving party at the pleading stage. In the absence of clear statutory authority or any factual record, the Court cannot conclude that the Board must be characterized as a state agency not properly subject to a § 1983 suit or to any other litigation in this Court.

## II. Gaffey's Due Process Property Interest

Defendants next argue that Gaffey possessed no property interest in his continued employment that was entitled to due process protections. Alternatively, they argue that any employment expectation he may have had ended after his first year as District 428 superintendent. Neither argument is persuasive.

Defendants assert that the School Code provisions that form the basis for any claim that Gaffey had an interest in continued employment do not apply to him. The School Code provides that superintendents must be hired pursuant to a contract of no more than one year or a performance-based contract of no more than five years. *See* 105 ILCS 5/10-23.8. As noted

above, Stevens asserts that Gaffey's contract was for a one-year term. Stevens claims that Gaffey's contract was breached by the Board's termination of his employment without providing him notice by April 1 of its intent to do so as required by the School Code, 105 ILCS 5/10-21.4.

The School Code provision creating District 428 includes a statement that certain of the School Code's terms "shall not apply to the Department of Juvenile Justice School District" and then proceeds to enumerate several "Articles and Sections" that are inapplicable in their entirety. 105 ILCS 5/13-45. However, Article 10, the School Code section containing the superintendent contract requirements on which the claims here are based, is made inapplicable only for those sections that are "in conflict" with any of the provisions specifically directed to District 428. *Id.*

The District 428-specific provision that Defendants claim conflicts with the School Code's directives for superintendent contracts imposes upon District 428 the following obligation:

> To employ a superintendent who shall have charge of the administration of the schools under the direction of the Board of Education. In addition to the administrative duties, the superintendent shall make recommendations to the Board concerning the budget, building plans, the location of sites, the selection of textbooks, instructional material and courses of study. The superintendent shall keep or cause to be kept the records and accounts as directed and required of the Board, aid in making reports required by the Board, and perform such other duties as the Board may delegate to him.

105 ILCS 5/13-43.6. The provision does not limit District 428's relationship with its superintendent to that described, does not prohibit the District from entering into contracts with superintendents, and does not dictate that the District's terms with its superintendent differ from those mandated for other superintendents. Defendants offer no authority for their presumption that the District 428-specific provisions and other sections of the School Code are properly construed to be "in conflict" where one section is silent and the other speaks. No other provision relating to District 428 appears to conflict with the Code's guidelines for superintendent

7

contracts. Thus, the Court rejects Defendants' contention that the statutory mandates for superintendent contracts can be determined on the pleadings to be inapplicable because of their conflict with the School Code sections directed to District 428.

Defendants also argue that even if Gaffey was given a one-year contract pursuant to the School Code's provisions, any expectation of continued employment was extinguished in August 2012, after his first year of employment ended. This argument ignores the basis for the claim of contractual breach: that the School Code automatically extended his contract for an additional year if he did not receive written notice of the District's intent not to renew his employment and the specific reason for that decision on April 1. Stevens claimed that Gaffey did not receive the required notice. This claim, taken as true, plausibly alleges a legal right to continued employment sufficient to create a due process property right.

Defendants' motions are thus denied as to the § 1983 claims against the Board and the Individual Defendants.

## CONCLUSION

Accordingly, for the reasons stated above, the motion to dismiss by Defendants IDJJ, the Board, Jones, Garrett, Green, Griffin, Smith, and Vidis (Dkt. No. 8) is granted as to the claims against IDJJ in Count III and otherwise denied. The companion motion by Defendants Ellis, Grady, Gunnell, Smoot, and Bishop (Dkt. No. 23) is denied in its entirety.

ENTERED:

Dated: December 1, 2016

_____
Andrea R. Wood
United States District Judge